UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HENRY R. TORRES,

                Plaintiff,           **MEMORANDUM AND ORDER**

                                                                   25-CV-2434 (NRM) (PK)

    -against-

225 CADMAN EASTERN DISTRICT
COURT,

                Defendants.[1]
----------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

Plaintiff Henry R. Torres, appearing *pro se*, filed this action on March 20, 2025, in the United States District Court for the Southern District of New York. Compl., ECF No. 1. On March 25, 2025, the Honorable Laura Taylor Swain, Chief United States District Judge, granted Plaintiff's application to proceed *in forma pauperis*. Order Granting *In Forma Pauperis* Application, ECF No. 5. On May 2, 2025, the Complaint was transferred to this Court. Transfer Order, ECF No. 7. As set forth below, the Complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage

---

[1] Plaintiff lists additional Defendants and "co-conspiritors [*sic*]" but fails to provide any plausible facts against them. *See* ECF No. 1 at 4–7.

1

of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 677–78). But the Court need not accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678.

In addition, a *pro se* complaint is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

When a litigant files a lawsuit *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action: (i) "is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," *see* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## BACKGROUND

Plaintiff filed this action in the Southern District of New York alleging that the "Eastern district have assisted in corruption towards me." Compl. at 9. Plaintiff alleges he was not allowed to upload documents in two cases filed in this Court: *Torres v. Carrington, et al.*, No. 25-cv-682 (RPK) (JAM) (E.D.N.Y.) and *Torres v. Kovner, et al.*, No. 25-cv-1113 (NRM) (PK) (E.D.N.Y.). *Id.* at 12–15. Plaintiff further alleges that Judge Kovner and Judge Marutollo "behaved very poorly and what they did in handeling [*sic*] my civil case was unethical and discriminatory[,]" and claims that they "are responsible for 911, covid-18, flight 370, election fraud and for the appearance of the drones that happened in New Jersey." *Id.* at 18. Plaintiff alleges a wide-ranging

2

conspiracy, including Pope Francis, to discriminate against him. *Id.* Plaintiff also includes documents from the Bushwick Job Center and Williamsburg Snap Center. *Id.* at 19–22.

Plaintiff's prior complaint against Judge Carrington and others alleged a wide-ranging conspiracy connected to the alleged murder of his friend Cesar Augusto Alfonso and various other events which Plaintiff includes in this action. *See* Compl. at 18; *see also Torres v. Carrington et al.*, No. 25-cv-682 (RPK) (JAM) (E.D.N.Y.), ECF No. 1 (prior complaint dismissed as frivolous on Feb. 19, 2025). On February 11, 2025, Judge Kovner directed Plaintiff to show cause why the complaint should not be dismissed as frivolous. *Torres v. Carrington et al.*, No. 25-cv-682 (RPK) (JAM) (E.D.N.Y.), Docket Order dated Feb. 11, 2025. Plaintiff submitted documents in response. *See id.*, ECF No. 5 (Plaintiff letter filed Feb. 13, 2025). On February 19, 2025, Judge Kovner dismissed the complaint as frivolous. *Id.*, Docket Order dated Feb. 19, 2025. Judgment was entered on February 20, 2025. *See id.*, ECF No. 7 (Clerk's Judgment).

Plaintiff's prior complaint against Judge Kovner, Magistrate Judge Marutollo, Judge Carrington, and others alleged that "white supremacists [sic] terrorist group that have pyramid of fraud and they have discriminated against me." *See Torres v. Kovner et al.*, No. 25-cv-1113 (NRM) (PK) (E.D.N.Y.), ECF No. 1 at 4 (prior complaint dismissed as frivolous on Apr. 8, 2025). He further alleged that "Judge Kovner discriminated against me by disregarding evidence and my civil complaint." *Id.*, ECF No. 1 at 5. Following the complaint, Plaintiff submitted nine letters that were docketed in this action which ranged from adding new defendants to his suit, the submission of "evidence," and notice that an action has been filed in the Southern District of New York

3

against the Eastern District of New York. *See id.*, ECF Nos. 4–12. Therefore, there is no merit to Plaintiff's claim that he was not allowed to file documents in his case.[2] On April 8, 2025, this Court dismissed the complaint as frivolous. *Id.*, ECF No. 13. The Clerk of Court entered judgment. *Id.*, ECF No. 14 (Clerk's Judgment).

## DISCUSSION

An action "is frivolous when either: (1) the factual contentions are clearly baseless . . .; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless– that is, they are fanciful, fantastic, or delusional." (internal quotation marks omitted)); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'").

Plaintiff's Complaint against the Eastern District of New York and the other Defendants meets this standard. *See Livingston*, 141 F.3d at 437. It does not contain any rational or credible factual allegations that would suggest that the Defendants are "liable for the misconduct alleged," *Ashcroft*, 556 U.S. at 678. Therefore, the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] In this District, *pro se* parties are exempt from the requirement of electronic filing and may <u>not</u> file documents electronically via CM/ECF without prior Court permission.

4

Plaintiff further alleges that he "was unlawfully arrested" "on September 30, 2024," but that claim is insufficient to proceed as pled. Compl. at 15. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal,* 556 U.S. at 677–78 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

In order to proceed with this claim, Plaintiff must provide a short, plain statement of claim against the individual(s) with personal involvement in the alleged false arrest so that they have adequate notice of the claims against them. *See Iqbal,* 556 U.S. at 678; *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000) ("[A] plaintiff must disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'").

Plaintiff must provide a brief description of what actually occurred, the location of the alleged unlawful arrest and identify, to the extent possible, the individual police officer(s) with personal involvement in the alleged unlawful arrest and the result or disposition of the arrest. If the charges against Plaintiff were dismissed, he must provide the reason for the dismissal of the charges and the date the charges were dismissed as well as any documentation showing that the charges were dismissed, if available.

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). In light of Plaintiff's *pro se* status, the Court allows Plaintiff

to file an amended complaint solely as to the alleged September 30, 2024, false arrest claim as set forth above by **August 11, 2025.** If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 25-CV-2434 (NRM) (PK). The amended complaint will replace the original complaint and must therefore stand on its own without reference to the original complaint.

Any other claims, including those raised in this action (with the exception of the alleged false arrest claim of September 30, 2024) and in Plaintiff's prior actions, will not be considered and may not be included in the amended complaint. If Plaintiff fails to abide by this prohibition, it will result in the dismissal of the amended pleading.

If Plaintiff does not file an amended complaint within the time allowed, the Court shall direct the Clerk of Court to enter judgment and close this case. If Plaintiff files an amended complaint, the Court will review the amended pleading for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court notes that this is Plaintiff's third similar action and cautions him against filing further duplicative, frivolous and vexatious complaints. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted). If Plaintiff files similar pleadings, the Court may impose an injunction prohibiting Plaintiff from filing any new action seeking *in forma pauperis* status without leave of the Court. *See, e.g., Hong Mai Sa v. Doe*, 406

F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing . . . duplicative lawsuits, courts may impose sanctions, including restriction on future access to the judicial system." (internal quotation marks omitted)).

Plaintiff's motion for permission to participate in electronic filing is denied. Pl. Mot. For Permission For Electronic Filing, ECF No. 6. Given Plaintiff's history of filing excessive submissions, such as letters to the Court, Plaintiff is advised that the Court will not take action or consider any filings at this time other than an amended complaint as to his false arrest claim as set forth above. Only one amended complaint may be filed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a General Complaint form to Plaintiff and note the mailing on the docket.

SO ORDERED.

> */s/ Nina R. Morrison*
> NINA R. MORRISON
> United States District Judge

Dated: July 10, 2025
      Brooklyn, New York